UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC A. HAPEMAN,

    Petitioner,

v.                                                                                              Case No. 2:08-cv-226
                                                                                              HON. R. ALLAN EDGAR

JERI-ANN SHERRY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Eric A. Hapeman filed this petition for writ of habeas corpus challenging his conviction for two counts of first degree criminal sexual conduct and one count of second degree criminal sexual conduct. Petitioner was sentenced to concurrent prison terms of 12 to 20 years for the first degree criminal sexual conduct convictions and 8 to 15 years for the second degree criminal sexual conduct convictions. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). Petitioner raises a claim that his due process rights were denied because:

> Petitioner was found guilty based on impeachable and untruthful testimony that was given by a step-bother who [had] a personal ax to grind against petitioner and his father. Affidavits were given to the court stating the accuser had lied about being abused and was emotionally troubled.

Petitioner raised this claim in the Michigan Court of Appeals, which affirmed his conviction. The Michigan Supreme Court denied leave to appeal.

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444

U.S. 277, 284, n.9 (1980).  "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).  In order to establish a due process violation based upon the presentation of false or misleading testimony or evidence, a petitioner must show that the prosecutor knowingly elicited false material evidence.  *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir.1998).  Mere inconsistencies in testimony fails to establish knowing use of false testimony.  *Id.*  As noted above, the Due Process Clause merely gives an accused person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false.  *Martinez*, 444 U.S. at 284, n.9.

Further, a federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The evidence is to be considered in the light most favorable to the prosecution.  *Id.*  It is clear that the evidence was sufficient to establish that petitioner committed the crimes.

Here the Michigan Court of Appeals explained that there existed sufficient evidence to convict petitioner:

> Defendant argues that the jury's verdict was against the great weight of the evidence because: (1) there was evidence suggesting that the victim had a motive to fabricate the charges, primarily because he did not like his stepfather; (2) there was evidence that the victim and his sisters, particularly his older sister, were trying to disrupt the family by exaggerating complaints of abuse; (3) the victim's mother complained to a counselor that her children often lied; (4) there was evidence that the victim was an angry and aggressive child before he claimed that defendant began abusing him; (5) there was no evidence to support the victim's claim that he told his mother and stepfather about the abuse; (6) although a family caseworker had a strong

>rapport with the victim, he never disclosed the abuse to her; (7) an open vent in the upstairs bedroom where the abuse allegedly occurred enabled the victim's mother and stepfather to hear everything that happened in the bedroom, and his stepfather was a light sleeper; (8) it was unlikely that the victim would allow himself to be abused because he did not fear physical confrontations with his siblings; and (9) defendant denied the victim's allegations and was quite upset by them.
>
>We agree with the trial court that the jury's verdict was not against the great weight of the evidence. As the court observed, the case came down to a question of the victim's credibility. Despite the behavioral problems the victim had and his poor relationship with his stepfather (giving him a possible motive to fabricate the allegations), the victim's testimony was not so far impeached that it would be a miscarriage of justice to allow the verdict to stand. Moreover, there was no physical evidence that contradicted the jury's verdict. For these reasons, the trial court did not abuse its discretion in denying defendant's motion for a new trial. *Lemmon, supra; Musser, supra.*

Petitioner has not established that the prosecutor elicited false testimony or that the evidence against him could not support the verdict. Petitioner simply argues that the evidence he presented should have been believed by the jury, and the prosecutor's evidence should have been disbelieved by the jury. In the opinion of the undersigned, petitioner's claim for habeas relief must fail. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: June 24, 2011